**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

JAMES FISHER,

      Plaintiff,

vs.                                 CASE NO. 3:07-cv-22-J-25HTS

STATE OF FLA C/O DEPT.
FAMILIES AND CHILDREN -
MS. DAVIS AND SHANNON
STAFFORD,

      Defendants.

## O R D E R

This cause is before the Court on the request to proceed *in forma pauperis* contained in the Affidavit of Indigency (Doc. #2; Petition), filed January 10, 2007. Upon review of the Complaint (Doc. #1; Complaint), filed the same day, it is determined the suit may be subject to dismissal.

Under 28 U.S.C. § 1915(a), courts may permit a litigant to proceed *in forma pauperis* if the litigant avers in an affidavit that he or she is unable to bear the fees and costs concomitant with a lawsuit. As recognized by the United States Supreme Court,

"a litigant whose filing fees and court costs are assumed by the public . . . lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits."  *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).  Thus, the Court is empowered with the discretion to dismiss the action, *sua sponte,* if it is frivolous or malicious.  *See id.*  A suit "is frivolous where it lacks an arguable basis either in law or in fact."  *Id.* at 325. Dismissal of a complaint pursuant to this principle should be ordered only if the complaint relies on clearly meritless legal theories, *see id.* at 327, or where the facts asserted therein "are 'clearly baseless.'"  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (quoting *Neitzke*, 490 U.S. at 327).

   The statute also requires the Court to dismiss the case if it determines the action "fails to state a claim on which relief may be granted[.]"  28 U.S.C. § 1915(e)(2)(B)(ii).  "The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)," and so courts apply the same standard in both contexts.  *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).  However, a court should not dismiss pursuant to § 1915 for failure to state a claim "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."  *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (per curiam) (citation and internal quotation marks omitted); *see also Martinez v. Kristi*

*Kleaners, Inc.*, 364 F.3d 1305, 1308 n.7 (11th Cir. 2004) (per curiam).

Though the Complaint mentions sexual discrimination, the Court is unable to discern facts supporting this allegation from the text of the pleading. However, Plaintiff will be given the opportunity to file an amended complaint. While it appears Plaintiff is alleging he was discriminated against in the processing of his re-application for food stamp benefits, if this is in fact the case, he should give a concise description of what acts transpired that, in his view, support the conclusion discrimination occurred. The amended complaint should contain facts and allegations that adhere to the requirements of Rule 8(a), Federal Rules of Civil Procedure, including the need for "a short and plain statement of the claim showing that the pleader is entitled to relief[.]"

Accordingly, the request to proceed *in forma pauperis* contained in the Affidavit of Indigency (Doc. #2) is taken under advisement to provide Plaintiff an opportunity to file an amended complaint as set forth herein within eleven (11) days from the date of this Order. Failure to file an amended complaint within the specified time period may result in a recommendation that this action be dismissed for failure to prosecute pursuant to Rule

3.10(a), Local Rules, United States District Court, Middle District of Florida.

**DONE AND ORDERED** at Jacksonville, Florida, this 18th day of January, 2007.

/s/        Howard T. Snyder
HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE


Copies to:

All counsel of record
    and pro se parties, if any